# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVEN SCOTT,**
      **Plaintiff,**

    v.                                                          Case No. 13-CV-00980

**DAVID L. WEIR and WARSHAFSKY LAW FIRM,**
      **Defendants.**

## DECISION AND ORDER

Plaintiff, Steven Scott, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on plaintiff's petition to proceed in forma pauperis and for screening of plaintiff's complaint. The plaintiff has been assessed and paid an initial partial filing fee of $16.48, and I will grant his motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In his complaint, plaintiff asserts that the advice of his workers compensation attorney caused him to miss the deadline for filing a complaint with the Equal Employment

Opportunity Commission regarding claims other than workers compensation that he may have had against his former employer. Plaintiff suggests he could have brought claims under Title VII, the Americans with Disabilities Act, or for violations of the regulations of the Occupational Safety and Hazard Administration. Although plaintiff describes his claims in several different ways, his claims against his attorney are state law legal malpractice claims against defendants who are not state actors. Neither plaintiff's attorney nor the attorney's law firm were acting under color of state law so plaintiff cannot state a claim for relief under 42 U.S.C. § 1983. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009).

Moreover, plaintiff attempted to bring these claims in Case No. 12-CV-544 (E.D. Wis.). In that case, United States Magistrate Judge Aaron E. Goodstein dismissed plaintiff's claims against these defendants at screening after explaining that they were not federal claims and that they were not sufficiently related to plaintiff's federal discrimination claims for the court to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #6) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $333.52 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge