# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVEN SCOTT,**
        **Plaintiff,**

     v.                                     Case No. 13-CV-0980

**DAVID L. WEIR and WARSHAFSKY LAW FIRM,**
        **Defendants,**

## DECISION AND ORDER

Plaintiff has field a motion pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6), which is before me now. Plaintiff submits that I incorrectly denied his motion for reconsideration and reinstatement before Milwaukee County Circuit Court and that I should have transferred this case to Milwaukee County.

Rule 60(b) of the Federal Rules of Civil Procedure enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. <u>Russell v. Delco Remy Div. of Gen. Motors</u>, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." <u>Karraker v. Rent-A-Center, Inc.</u>, 411 F.3d 831, 837 (7th Cir. 2005).

Plaintiff argues that he did not fully understand how to properly prosecute his claim due to a medical condition and learning disability. He mentions equitable tolling and seems to suggest that I should remedy his incorrect choice of venue due to his incapacitation. Plaintiff also cites 28 U.S.C. § 1406 for the proposition that a district court may transfer venue to the correct division or district if it was filed in error in a court without venue. Ultimately, plaintiff believes he made an error in venue and that I should transfer his case to the correct venue. However, the venue rule applies to transfers between different federal courts, not a transfer to state court. If plaintiff wishes to pursue his claims in Milwaukee County Circuit Court, he must file a separate action there.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for relief from judgment (Docket #14) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

2

Case 2:13-cv-00980-LA   Filed 01/08/14   Page 2 of 2   Document 16