**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**STEVEN SCOTT,**
      **Plaintiff,**

    **v.**                                                                               **Case No. 13-CV-0980**

**DAVID L. WEIR and WARSHAFSKY LAW FIRM,**
      **Defendants,**

---

## DECISION AND ORDER

On May 27, 2014, plaintiff filed a motion to amend complaint, vacate and reinstate case under Fed. R. Civ. P. 15(a) and 60(b). With the motion, he has submitted a 24-page proposed amended complaint. I dismissed this case on October 15, 2013, for failure to state a claim. Since that time, I have denied a motion for reconsideration under Fed. R. Civ. P. 59(e) and a motion for relief from judgment under Fed. R. Civ. P. 60(b). Yet plaintiff has not given up. He argues that he has just discovered that defendants, his attorneys in a workers compensation case, discriminated against him in violation of 42 U.S.C. § 1981. Plaintiff maintains that the addition of these federal claims means that I should exercise jurisdiction over his legal malpractice claims against his former lawyer and law firm.

Although plaintiff referenced Rule 15(a) in his motion and included a proposed amended complaint, I must first determine whether grounds exist under Rule 60(b) to vacate the judgment. Figgie Intern. Inc. v. Miller, 966 F.2d 1178, 1179 (7th Cir. 1992). Rule 60(b) of the Federal Rules of Civil Procedure enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. Russell v. Delco Remy Div. of Gen. Motors, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005).

None of the exceptional circumstances apply in this case. The facts regarding his interaction with his workers compensation attorneys have been known to plaintiff all along. Plaintiff cites the discovery rule, but a new claim of discrimination against his attorneys based on the same facts is not newly discovered evidence. The proposed amended complaint does not include any factual allegations of racial or sex discrimination, just the addition of legal labels to the same facts previously pled. I have advised plaintiff several times that his claims against his attorneys belong in state court. He cannot continue to do legal research and keep returning to this court in an attempt to shoehorn his state law legal malpractice claims into a federal cause of action.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to amend complaint (Docket #17) is **DENIED**.

**IT IS ORDERED** that plaintiff's motion to reinstate case (Docket #17) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2014.

              s/ Lynn Adelman
              LYNN ADELMAN
              District Judge